IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FLORENCIA FOURCADE** <br> 1439 South Etting St. <br> Philadelphia, PA, 19146 <br><br> *Plaintiff,* <br><br> v. <br><br> **JOHN DOE 1-8** <br> Individually and <br> in their official capacity as <br> Philadelphia Warrant Officers <br> 1401 Arch Street, <br> Philadelphia, PA  19102 <br><br> **JANE DOE 1-3** <br> Individually and <br> in their official capacity as <br> Philadelphia Warrant Officers <br> 1401 Arch Street, <br> Philadelphia, PA  19102 <br><br> and <br><br> **CITY OF PHILADELPHIA** <br> 1515 Arch Street <br> Philadelphia, PA  19102, <br><br> *Defendants.* | **JURY TRIAL DEMANDED** <br><br><br> **CIVIL ACTION NO.** _____ |

# COMPLAINT

## Jurisdiction

1. This action is brought pursuant to 42 U.S.C. Section 1983 and Section 1988, and the Fourth Amendment of the United States Constitution.  Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343 and the aforementioned statutory and Constitutional provisions.

**Parties**

2. Plaintiff, Florencia Fourcade, is a resident of the Commonwealth of Pennsylvania, whose address is set forth in the caption.

3. Defendants John Doe 1-8, (hereinafter, "Does"), were at all times relevant hereto Philadelphia Warrant Officers, whose address is above stated. They are being sued in both their individual and official capacities.

4. Defendants Jane Doe 1-3, (hereinafter, "Roes"), were at all times relevant hereto Philadelphia Police Officers, whose address is above stated. They are being sued in both their individual and official capacities.

5. While the names of the individual Defendant Officers are currently unknown to Plaintiff, their likenesses are shown in two "Ring" surveillance video clips screenshots of which identifying the eight male "John Doe" Defendant Officers and three female "Jane Doe" Defendant Officers coming out of Plaintiff's home during the morning of January 17, 2020 are attached hereto as Exhibit 1.[1]

6. Defendant City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs the individual Defendant Officers.

7. At all times relevant hereto, all Defendant Officers were acting within the course and scope of their employment and under color of state law.

8. Defendants are jointly and severally liable for the damages suffered by plaintiffs, as are more fully set forth herein.

---

[1] These videos were shared with the Philadelphia City Solicitor's Office on June 21, 2021.

**FACTS**

9. At 6 a.m. on January 17, 2020, Plaintiff Florencia Fourcade was asleep in her home at 1439 South Etting Street with her daughters ages 4 and 1 when she heard loud knocking at her door.

10. Opening her bedroom curtains she saw many police vehicles in the middle of the street, with more than a dozen law-enforcement officers directly in front of her house with guns drawn.

11. She complied with Defendant Officers' commands to open the door and asked, "What's going on?"

12. She did not receive a response, instead the officers entered her house and commanded her to sit down.

13. Ms. Fourcade asked if she could go upstairs to get her young children.

14. Again, she was not provided any response.

15. Instead, the officers went upstairs, yelling that they have a warrant.

16. Upon information and belief, Defendant Officers did not possess a search warrant.

17. Ms. Fourcade asked what the warrant was for and was again ignored.

18. The officers entered her daughters' rooms with their guns drawn.

19. Ms. Fourcade's four-year old came to the stairs to find out what was happening.

20. Ms. Fourcade remained on the couch where she was directed to sit. One of the Jane Doe Defendant Officers asked Ms. Fourcade how she knew Brandon Crawford, ostensibly the target of the search.

21. Ms. Fourcade told her she did not.

22. The officer asked her how long she had been living in the home and Ms. Fourcade responded that she bought the home in June.

23. Ms. Fourcade purchased the home on June 13, 2019.

24. This information was and remains easily and readily available from a quick search of readily accessible records.

25. The officers were inside Plaintiff's home for approximately twenty minutes.

26. One of the officers said during the search of the property that they had the wrong house.

27. While leaving, an officer dropped a battering ram, damaging Plaintiff's steps in the process.

28. Ms. Fourcade has experienced increased anxiety from this incident, exacerbated by Philadelphia probation officers continuing to come by her house stating that they are looking for "Brandon Crawford."

29. Ms. Fourcade has never known or met anyone named "Brandon Crawford."

30. Defendant Officers failed to make any inquiry or investigation into Mr. Crawford's whereabouts, or otherwise obtain current information.

31. The acts of the Defendant Officers were committed without probable cause to believe that Brandon Crawford was at 1439 South Etting Street at the time of their search and without a search warrant.

32. The conduct of the Defendant Officers was intentional and without legal justification.

33. At no time did plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia.

34. The conduct of the Defendant Officers was done in a menacing manner, without regard for the fear, distress, and embarrassment it would cause Plaintiff.

35. The Defendant Officers engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by subjecting her to an unreasonable search and seizure, depriving her of liberty without due process of law.

36. As a direct and proximate cause of the Defendant Officers' illegal and unconstitutional actions and inactions, plaintiff suffered pain, fear, horror, chagrin, nightmares, anxiety, embarrassment, loss of liberty, confinement, and the loss of the enjoyment of life, all to her great detriment and loss.

37. As a direct and proximate cause of the Defendant Officers' illegal and unconstitutional actions and inactions, and plaintiff suffered loss for damage to her property, all to her great detriment and loss.

## FIRST CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
### INDIVIDUAL DEFENDANTS

38. The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

39. As a direct and proximate cause of the actions and omissions of the Defendant Officers, plaintiff was deprived of precious rights, privileges and immunities secured unto her by the laws and Constitution of the United States, all to her great detriment and loss.

40. The actions of the Defendant Officers deprived plaintiff of her rights, privileges and immunities under the laws and the Constitution of the United States; her right to be free from unreasonable search and seizure, to be secure in her person and property, and to due process of law, all to plaintiff's great detriment and loss.

41. By these actions, the Defendant Officers deprived plaintiff of the rights secured

unto her by the Constitution of the United States, in particular the Fourth Amendment and in violation of 42 U.S.C. §1983.

42. Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. §1988.

**SECOND CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS**
CITY OF PHILADELPHIA

43. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

44. Defendant City of Philadelphia was and is deliberately indifferent to the need for, or had a policy, practice and custom of failing to provide, an adequate system of investigation, supervision and discipline where officers violate the rights of citizens in the investigation and execution of warrants.

45. The City of Philadelphia was and is deliberately indifferent to the need for more or different training, rules, regulations, and supervision relating to the investigation and execution of arrest warrants, in order to insure that officers are not relying upon stale or unreliable information, and thereby subjecting innocent citizens to violations of their federally protected rights.

46. The foregoing acts, omissions, systemic deficiencies, practices, customs and deliberate indifference constitute the policies, practices and customs of the City of Philadelphia have caused and continues to cause police officers of the City of Philadelphia, including the individual Defendant Officers, to violate the constitutional rights of citizens, including plaintiff.

47. The rights violations and injuries suffered by plaintiff were a foreseeable result of the policies, practices, customs and deliberate indifference of the City of Philadelphia.

48. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies,

policies, practices and customs of the City of Philadelphia, as more fully described above, defendant City of Philadelphia violated plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth Amendment and 42 U.S.C. § 1983, in particular their right to be free from unreasonable search and seizure, to be secure in their person and property, and to due process of law, all to her great detriment and loss.

49. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. §1988.

## JURY DEMAND

50. Plaintiff demands a trial by jury as to each defendant and as to each cause of action.

**WHEREFORE**, plaintiff demands judgment against each defendant, jointly and severally, as to each count, along with costs, attorney's fees, interest, damages as to the individual Defendant Officers, and such other and further relief as the Court may deem just and proper.

>           **GREENBLATT, PIERCE, FUNT AND FLORES, LLC**
>
>           *s/ Noah S. Cohen*
>           Noah S. Cohen, Esquire
>           123 South Broad Street, Suite 2500
>           Philadelphia, Pennsylvania 19109
>           215-735-1600
>           n.cohen@gpfflaw.com
>           Attorney for Plaintiff

DATE:  December 23, 2021

# EXHIBIT 1



# EXHIBIT 2

# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: MC-51-CR-0033217-2016
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania

v.

Brandon Crawford

Page 1 of 3

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Cross Court Docket Nos: | CP-51-CR-0011383-2016 | | |
| Judge Assigned: | | Date Filed: 11/26/2016 | Initiation Date: 11/26/2016 |
| OTN: U 058502-3 | LOTN: | Originating Docket No: MC-51-CR-0033217-2016 | |
| Initial Issuing Authority: Judge Migrated | | Final Issuing Authority: | |
| Arresting Agency: Philadelphia Pd | | Arresting Officer: Parker, Shaun R. | |
| Complaint/Citation No.: 1617048272-0033217 | | Incident Number: 1617048272 | |

| Case Local Number Type(s) | Case Local Number(s) |
|---|---|
| Originating Docket Number | MC-51-CR-0033217-2016 |
| District Control Number | 1617048272 |
| Originating Document Number | 1617048272-0033217 |

### RELATED CASES

| Related Docket No | Related Case Caption | Related Court | Association Reason |
|---|---|---|---|
| Related | | | |
| MC-51-CR-0014737-2009 | Comm. v. Crawford, Brandon | MC-01-51-Crim | |
| MC-51-CR-0033216-2016 | Comm. v. Crawford, Brandon | MC-01-51-Crim | |

### STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Arrest Date: | 11/26/2016 |
|---|---|---|---|---|---|
| | | 12/13/2016 | Completed | | |
| | | 11/26/2016 | Awaiting Preliminary Hearing | | |
| | | 11/26/2016 | Awaiting Status Hearing | | |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 11/26/2016 | 12:49 pm | B08 | | Scheduled |
| Preliminary Hearing | 12/13/2016 | 8:00 am | 503 | Judge Charles Hayden | Scheduled |
| Formal Arraignment | 12/27/2016 | 11:00 am | 1104 | | Cancelled |

### DEFENDANT INFORMATION

| Date Of Birth: | 01/14/1988 | City/State/Zip: | Philadelphia, PA 19146 |
|---|---|---|---|

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Crawford, Brandon |

CPCMS 9082

Printed: 12/20/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

**DOCKET**



Docket Number: MC-51-CR-0033217-2016
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Brandon Crawford

Page 2 of 3

### BAIL INFORMATION

**Crawford, Brandon**                                                                                       **Nebbia Status:** None

| Bail Action | Date | Bail Type | Percentage | Amount | | |
|---|---|---|---|---|---|---|
| | | | | | Bail Posting Status | Posting Date |
| Set | 11/26/2016 | Monetary | 10.00% | $150,000.00 | | |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 2 | 2 | F2 | 18 § 6105 §§ A1 | Possession Of Firearm Prohibited | 11/02/2016 | U 058502-3 |

### DISPOSITION SENTENCING/PENALTIES

Disposition
  Case Event                                               Disposition Date                Final Disposition
    Sequence/Description                                   Offense Disposition             Grade    Section
      Sentencing Judge                                     Sentence Date                   Credit For Time Served
        Sentence/Diversion Program Type                    Incarceration/Diversionary Period    Start Date
          Sentence Conditions

**Proceed to Court**
  Preliminary Arraignment                                  11/26/2016                      Not Final
    2 / Possession Of Firearm Prohibited                   Proceed to Court                F2       18 § 6105 §§ A1

**Held for Court**
  Preliminary Hearing                                      12/13/2016                      Final Disposition
    2 / Possession Of Firearm Prohibited                   Held for Court                  F2       18 § 6105 §§ A1

| COMMONWEALTH INFORMATION | | ATTORNEY INFORMATION | |
|---|---|---|---|
| Name: | Philadelphia County District Attorney's Office<br>Prosecutor | Name: | Defender Association of Philadelphia<br>Public Defender |
| Supreme Court No: | | Supreme Court No: | |
| Phone Number(s): | | Rep. Status: | Active |
| 215-686-8000 | (Phone) | Phone Number(s): | |
| Address: | | Address: | |
| 3 South Penn Square<br>Philadelphia, PA  19107 | | | |

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/26/2016 | | Municipal Court - Philadelphia County |
| PARS Transfer | | | |
| 2 | 11/26/2016 | | Rebstock, Francis J. |
| Bail Set - Crawford, Brandon | | | |

CPCMS 9082                                                                                                  Printed: 12/20/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.



# MUNICIPAL COURT OF PHILADELPHIA COUNTY
## DOCKET

Docket Number: MC-51-CR-0033217-2016
### CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Brandon Crawford

Page 3 of 3

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 12/13/2016 | | Hayden, Charles |
| Held for Court | | | |
| 2 | 12/13/2016 | | Philadelphia County Clerk of Quarter Sessions |
| Formal Arraignment Scheduled 12/27/2016 11:00AM | | | |
| 1 | 12/14/2016 | | Unknown Filer |
| Common Pleas Case Created | | | |
| 2 | 12/14/2016 | | Active Criminal Records Department |
| Formal Arraignment Cancelled | | | |

CPCMS 9082          Printed: 12/20/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.